IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **Willie Cameron,** | ) |
| | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 12-2702 |
| | ) |
| **Nelson, Inc., a Tennessee** | ) |
| **Profit Corporation, and Willie** | ) |
| **Nelson, individually,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

---

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

On August 13, 2012, Plaintiff Willie Cameron ("Cameron") filed this action under the Fair Labor Standards Act ("FLSA") against Defendant Nelson, Inc., seeking unpaid overtime, liquidated damages, and attorneys' fees and costs. (Compl., ECF No. 1.) On July 9, 2013, Cameron filed an Amended Complaint adding Willie Nelson ("Nelson") (together with Nelson, Inc., "Defendants") to the action and alleging one count of retaliation under the FLSA. (Am. Compl., ECF No. 25 at 1, 5, 6.) Before the Court is Cameron's December 23, 2013 Motion for Partial Summary Judgment (the "Motion"). (Mot., ECF No. 39.) Defendants have not responded and the time do so has passed. For the following reasons, the Motion is GRANTED.

Cameron asks the Court to grant summary judgment that (1) Nelson was Cameron's employer within the meaning of the FLSA, and (2) Defendants are a covered "Enterprise" under the FLSA. (Mot. at 2.)  Because Defendants have not responded, Cameron's Statement of Undisputed Facts is accepted for purposes of the Motion. See L.R. 56.1(d).

Nelson, Inc. was incorporated in Tennessee in 2000. (Stat. Undisp. F., ECF No. at 3.)  Nelson is the sole owner of Nelson, Inc., and controls its finances and operations. (Id. at 2.) Cameron worked as a heavy equipment operator for Nelson, Inc. from August 2011 through January 2012. (Id.)  Cameron was paid by the hour and was entitled to overtime compensation for overtime hours worked. (Id.)

Because Cameron asserts claims under federal law, this Court has federal question jurisdiction under 28 U.S.C. § 1331. Summary judgment is proper if no reasonable jury could return a verdict for the nonmoving party. See Wasek v. Arrow Energy Servs., 682 F.3d 463, 467 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d) (accord Dole v. Elliot Travel Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991) ("[T]he FLSA require[s] the courts to define 'employer'

2

more broadly than the term would be interpreted in traditional common law applications.")) Nelson owned and controlled Nelson, Inc., acting directly in its interest in relation to Cameron. Nelson qualifies as Cameron's employer under the FLSA.

The FLSA defines "Enterprise" to mean "the related activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). An "enterprise engaged in commerce" is subject to the FLSA. <u>Herman v. Fabri-Centers of America, Inc.</u>, 308 F.3d 580, 583 (6th Cir. 2002). Defendants were engaged in commerce with a common purpose, qualifying as an Enterprise subject to the FLSA.

For the foregoing reasons, the Motion is GRANTED.

So ordered this <u>31st</u> day of March, 2014.

s/ Samuel H. Mays, Jr.<br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE